IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                   PLAINTIFF

v.                                   Case No. 2:15-cr-20024

BRETT KARR                                                         DEFENDANT

**OPINION AND ORDER**

      This matter comes before the Court for determination of Defendant Brett Karr's competency to stand trial. For the following reasons, the Court finds Karr competent to stand trial in all respects. Therefore, the jury trial for this remains set to begin on May 31, 2016.

**I.     Background**

      On August 7, 2015, Karr made an initial appearance in connection with a complaint charging him with production of child pornography. Karr subsequently filed a motion for psychiatric exam to determine competency (Doc. 8), which the Court granted via an order (Doc. 9) entered August 12, 2015. On September 16, 2015, Karr was indicted on four counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

      Karr's first psychiatric evaluation was conducted by Dr. Jessica Micono, a forensic psychologist with the Federal Bureau of Prisons ("BOP").[1] Dr. Micono evaluated Karr over the course of thirty days at a BOP facility in Englewood, Colorado. The evaluation consisted of multiple in-person interviews between Karr and Dr. Micono; numerous tests administered specifically to determine competency, intelligence, or the possibility of malingering; consultations

---

[1] Dr. Micono's full report following her evaluation of Karr was filed under seal on October 26, 2015 (Doc. 14).

with other BOP personnel who observed Karr in his living quarters and during his free time while at the Englewood facility; and a review of Karr's phone calls while at the Englewood facility, all of which were recorded. (Doc. 14; p. 1; Doc. 24, p. 63–72). Ultimately, Dr. Micono diagnosed Karr with (1) Generalized Anxiety Disorder with Panic Attacks; (2) Agoraphobia; (3) Dependent Personality Disorder; and (4) Rule-Out Malingering.[2] (Doc. 14, p. 15). Karr exhibited signs of malingering including exaggerating his mental health symptoms and presenting memory function as worse than normal.[3] (Doc. 14, p. 15). During Dr. Micono's evaluation of Karr, Karr reportedly stated on numerous occasions, including during a recorded phone call to his mother, that he preferred to go to a mental hospital than back to a correctional facility. (Doc. 14, p. 15). Dr. Micono reported that there were no issues with Karr's behavior during his evaluation, that he transitioned smoothly, and that Karr felt at that time that his attorney was trying to do what was best for him (Doc. 14, p. 19; Doc. 24, 66–67). Dr. Micono ultimately opined that Karr understood the nature and circumstances of the charges against him and was able to assist properly in his own defense, and was thus legally competent to stand trial. (Doc. 14, p. 20).

At Karr's subsequent arraignment on the five-count indictment the Court noted that the evaluation by Dr. Micono indicated Karr was mentally competent to proceed in all respects, and Karr did not object to the evaluation at that time. Subsequently, however, Karr's counsel encountered difficulty in effectively communicating with Karr and filed a motion to continue the trial in order to obtain a second independent psychiatric evaluation (Doc. 17). That motion to continue was granted by text order on November 24, 2015. Karr underwent a second psychiatric

---

[2] Rule-Out Malingering, as explained by Dr. Micono, means that she found evidence of malingering, but that there was not sufficient evidence to definitively confirm or exclude the diagnosis. (Doc. 14, p. 15).
[3] Dr. Micono notes that Karr's knowledge of the legal system was not at all impaired. (Doc. 14, p. 15).

2

evaluation by Dr. Gerald Stein (Doc. 18-1). Dr. Stein's evaluation consisted of one in-person meeting, which lasted two hours and forty three minutes, as well as one fifteen minute follow-up phone call. (Doc. 18-1, p. 3). Dr. Stein also reviewed Dr. Micono's report in forming his opinions. (Doc. 18-1, p. 2). Based on Karr's self-reported symptoms and self-reported medical history, Dr. Stein diagnosed Karr with (1) Bi-Polar Disorder; (2) Post-traumatic Stress Disorder; (3) Social Anxiety Disorder; (4) Obsessive Compulsive Disorder; (5) Paranoid Personality Disorder; and (6) Dependent Personality Disorder. (Doc. 18-1, pp. 10–11). Dr. Stein opined that "Brett Karr is not competent to stand trial because he does not trust his attorney and is not confiding in him. Thus he cannot assist properly in his own defense. This distrust is part of his Paranoid Personality Disorder." (Doc. 18-1, p. 12).

Based on the conflicting expert reports, the Court found reasonable cause to doubt Karr's competency and granted Karr's motion for a hearing on the matter. The competency hearing occurred on March 21, 2016, with both Dr. Micono and Dr. Stein providing testimony. (Doc. 24) During his testimony at the competency hearing, Dr. Stein elaborated that Karr's bi-polar diagnosis was "terribly important" to his lacking trust in others (Doc. 24, p. 27), and that ultimately Karr's condition as it relates to incompetence was attributable to a combination of his Paranoid Personality Disorder, Bi-polar Disorder, and PTSD. (Doc. 24, p. 29). Dr. Micono's testimony was consistent with her report.

**II.    Legal Standard**

A defendant is incompetent to stand trial "[i]f, after a hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C.

§ 4241(d). The Court may consider various factors, including expert medical opinions and its own observations of the defendant during the proceedings when making a determination as to competency. *United States v. Ghane*, 593 F.3d 775, 779 (8th Cir. 2010). "Importantly, not every manifestation of mental illness demonstrates incompetence. That a defendant suffers from a mental deficiency or demonstrates bizarre, volatile, and irrational behavior does not necessarily make him incompetent to stand trial." *Id.* (citing *Vogt v. United States*, 88 F.3d 587, 591 (8th Cir. 1996)) (internal marks omitted).

The parties agree that Karr understands the nature and consequences of the proceedings against him; therefore the only issue to resolve is whether Karr is able to assist properly in his defense. "The Supreme Court has defined a defendant's ability to assist properly in his defense as possessing a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.'" *Id.* at 780 (quoting *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996)) (other citations omitted). Dissatisfaction with defense counsel cannot be equated with incompetence due to an inability to assist counsel. *Id.* at 781. Otherwise, "our federal medical facilities would be full of defendants who were incompetent to stand trial." *Id.* Rather, "[t]he critical factor for competency purposes is whether the defendant is suffering from a mental disease or defect that renders him *mentally incapable* of assisting properly in his defense." *Id.*

In making a final determination on Karr's competency, the Court is tasked with weighing the credibility of the competing expert reports and testimony of Dr. Micono and Dr. Stein. As the Eighth Circuit has pointed out, "[i]t is certainly within a district court's province to choose one expert's report over a competing qualified expert's opinion." *Ghane*, 593 F.3d at 781 (citation omitted). In doing so, "it is not the opinion itself that is important, but the rationale underlying it."

*Id.* In any case, the burden of persuasion remains on the defendant to show that he is incompetent by a preponderance of the evidence. *Vogt*, 88 F.3d at 591.

**III.   Analysis**

Having thoroughly reviewed the competing expert reports, the transcript from Karr's competency hearing, and the relevant portions of the record in this case, the Court gives greater weight to the report of Dr. Micono and finds that Karr has failed to meet his burden to demonstrate by a preponderance of the evidence that he is unable to assist properly in his own defense due to a mental disease or defect. Karr is therefore deemed competent to stand trial.

The underlying rationale of Dr. Stein's opinions are premised on a depth-of-inquiry that is much too shallow to rebut either the thorough examination conducted by Dr. Micono or even the general presumption of competence applied to every criminal defendant. Specifically, Dr. Stein collected essentially all of the information he relied upon in forming his opinion during a two-hour and forty-three-minute interview and a fifteen minute follow-up phone call with Karr. In addition, the information collected during those sessions consists entirely of Karr's self-reports, which Dr. Stein failed to test the veracity of in virtually any respect.

As a result of this failure to more thoroughly scrutinize Karr's statements, the Court cannot find Dr. Stein's report to be properly based on established facts. For example, Dr. Stein noted in his testimony that "[w]e know that [Karr's] mother was bipolar" and that Karr "had manifestations of [Paranoid Personality Disorder] for decades." (Doc. 24, p. 54). However, Dr. Stein has never met, spoken to, or reviewed psychiatric records for Karr's mother (Doc. 24, p. 60), and did not review any of Karr's medical records before reaching his conclusions. (Doc. 18-1, p. 2; Doc. 24, p. 9) (not listing Karr's medical records as being among materials reviewed).

Next, and perhaps more troubling, is that Dr. Stein's reliance on Karr's self-reports alone means that he failed to account for the glaring discrepancies in both Karr's statements and diagnoses as recorded in Dr. Micono's report. For example, Karr told Dr. Micono that he had not attempted suicide and had not experienced hallucinations (Doc. 14, p. 7), but he told Dr. Stein that he had a history of both suicide attempts and multiple forms of on-going hallucinations (Doc. 18-1, pp. 3, 7). In addition, Dr. Micono noted evidence of malingering due primarily to Karr's over-reporting of symptoms. (Doc. 14, pp. 15–16). Dr. Stein's only attempt to address these deficiencies—the failure to test the veracity of Karr's claims and the possibility of malingering—during testimony was to submit that (1) essentially his observation and Karr's manner of conveying his ailments were sufficient to definitively conclude that Karr was telling the truth (Doc. 24, pp. 15–16); (2) "there was no evidence of malingering" and he (Dr. Stein) did not address malingering because he personally did not think Karr was malingering (Doc. 24, pp. 46–47); and (3) Karr had actually lied during Dr. Micono's evaluation of him in order to present himself as more mentally healthy than he actually was. (Doc. 24, p.23).[4]

First, the Court finds the thorough evaluation by Dr. Micono, which included tests specifically for gauging malingering, as well as observation of Karr during a thirty-day period, more credible than Dr. Stein's ability to diagnose Karr based solely on the "vehemence" and "lack of ambivalence" with which he claims to have a particular symptom or condition. (Doc. 24, p. 16). Second, Dr. Stein's contention that there was no evidence of malingering is belied by the fairly substantial evidence of malingering in Dr. Micono's report. (Doc. 14). Dr. Stein's circular rationale for not considering malingering—that he already knew that Karr was not malingering—

---

[4] This assertion was premised on communications Karr had with his counsel the week before the competency hearing. (Doc. 24, p. 20).

provides little to strengthen to his opinion. Third, the assertion that Karr was lying to Dr. Micono is not beyond the realm of possibilities, but any claim that Karr was lying to present himself as *healthier* than he actually was is contradicted by both the fact that the evidence of malingering contained in Dr. Micono's report is largely based on Karr having *over-reported* symptoms (Doc. 14) and the phone call recording between Karr and his mother during which Karr stated he was attempting to be placed in a mental health facility.  Dr. Stein did not address those contradictions. (Doc. 24, p. 23–24).

The Court cannot discern how Dr. Stein's opinion would be different for any criminal defendant who fervently exclaimed a distrust of their attorney.  This is perhaps most directly evidenced by Dr. Stein's testimony that "[i]f they don't trust their lawyers, they aren't competent to proceed." (Doc. 24, p. 44).  Ultimately, however, the Court finds Karr's reported suspicions and distrust are more properly considered evidence of the type of dissatisfaction with defense counsel that the Eighth Circuit has found insufficient to be a basis for a defendant to be found legally incompetent to stand trial. *Ghane*, 593 F.3d at 781.

Besides Dr. Stein's diagnoses lacking a proper factual foundation, Karr's Diagnosis of Paranoid Personality Disorder—which is the sole condition cited as contributing to Karr's incompetence in Dr. Stein's initial report—is inconsistent with Karr's actions throughout these proceedings.  As Dr. Stein admitted during cross-examination, Paranoid Personality Disorder is a pervasive and inflexible condition. (Doc. 24, p. 31).  Dr. Stein also opined that Karr "can't set aside the paranoia." (Doc. 24, p. 20).  However, Karr was cooperative with both Dr. Stein and Dr. Micono throughout their respective evaluations, told Dr. Micono that his counsel "seems to be trying to get things to go good for me" (Doc. 24, p. 25), and also communicated with his counsel prior to the competency hearing to give an explanation, albeit an insufficient one, for the

7

discrepancies in the reports. The Court also observed Karr on multiple occasions during the competency hearing passing notes and communicating with his counsel and Dr. Stein. All of these instances evince Karr exercising his own discretion to decide whether to trust or cooperate with others. They do not fall in line with the type of pervasive and inflexible distrust that even Dr. Stein admitted would be characteristic of someone suffering from Paranoid Personality Disorder. (Doc. 24, p. 31). Rather, they tend to show an individual who has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Ghane*, 593 F.3d at 780 (citations omitted). Whether Karr chooses to exercise his ability to cooperate with counsel in his defense is a decision left solely to him. But his refusal to do so will not render him legally incompetent, as there is not sufficient evidence that such a decision would be due to any mental disease or defect from which Karr is presently suffering.

**IV.  Conclusion**

Defendant Brett Karr is hereby found competent to stand trial in this matter, and the jury trial remains set to begin on May 31, 2016.

IT IS SO ORDERED this 16th day of May, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE